**CYNDEE L. PETERSON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, Montana 59807**
**105 E. Pine, 2nd Floor**
**Missoula, Montana 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: Cyndee.Peterson@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 21-12-H-BMM |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| **TYLER D PINNT,** | |
| Defendant. | |

Defendant Tyler Pinnt pleaded guilty to a single count information charging receipt of child pornography. The defendant also admitted the forfeiture allegation. Sentencing is set on June 15, 2022. The United States submits the following sentencing memorandum for the Court's consideration.

1

I.       **PSR & USSG Sentencing Guidelines**

Defendant Pinnt pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). PSR ¶ 3. The possible statutory penalty is not less than five years and up to 20 years in prison, from five years to lifetime supervised release, and a $250,000 fine. PSR ¶¶ 79. There is a $100 mandatory special assessment. PSR ¶ 87. Pursuant to 18 U.S.C. § 3014, if the Court determines the defendant is not indigent there is an additional $5,000 mandatory special assessment. PSR ¶ 88. The defendant may also be ordered to pay a third assessment, pursuant to 18 U.S.C. § 2259A, of no more than $35,000. PSR ¶ 89.

Due to the nature of the crime, victim restitution is mandatory. 18 U.S.C. § 3663A. As part of the plea agreement, the defendant agreed to pay two victims the sum of $3,000 each, for a total restitution amount of $6,000. PSR ¶ 4. One of the two victims, however, does not agree to the parties' $3,000 stipulation. PSR ¶ 93; PSR Third Add. at 22-33 (Pia seeks $5,000). The government and the defendant are asking the Court to impose a total restitution order in the amount of $6,000 (i.e., $3,000 for each victim). If the Court reviews Pia's request with supporting documentation and determines Pia should be paid $5,000 rather than $3,000, then the Court should enter a total restitution order in the amount of $8,000 (i.e., $3,000 for April; $5,000 for Pia).

Neither party objected to the U.S. Probation Office's guideline calculation in the Presentence Investigation Report (PSR). Under the guidelines, Pinnt's base offense level is 22. PSR ¶ 24. Pinnt receives several increases for possessing at least one prepubescent image, using a computer, and possessing over 600 images. PSR ¶¶ 25-27. After a three-level decrease for acceptance of responsibility, Pinnt has a total offense level of 28. PSR ¶¶ 31-35. His criminal history score of zero places Pinnt in a criminal history category of I. PSR ¶¶ 39-40. Under the guidelines, Pinnt faces 78 months to 97 months of imprisonment, from 5 years to lifetime supervised release, and a fine ranging from $25,000 to $250,000. PSR ¶¶ 80, 83, 90. Restitution to identifiable victims is also mandatory under the guidelines. PSR ¶ 92-94.

While not referenced in the PSR, there is one Policy Statement for the Court's consideration. 18 U.S.C. § 3553(a)(5). The guidelines state that, because the instant offense of conviction is a sex offense, the statutory maximum term of supervised release is recommended. USSG § 5D1.2(b)(2) (Policy Statement).

## II.   Sentencing Analysis and Argument

After properly calculating and considering the USSG guideline range, there are general factors that district courts must take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in

3

determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws including to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public, and provide training and treatment;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) "any pertinent policy statement" issued by the Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

Based on these factors, the United States respectfully requests the Court impose a term of imprisonment within the USSG range of 78 to 97 months followed by 10 years of supervised release. The United States does not seek a fine but

requests the Court order Pinnt to pay the $100 special assessment and order $6,000 in restitution at the time of sentencing. Given there is restitution owed in this case, the United States does not ask the Court to impose the JVTA special assessment and the AVAA special assessment.

Child pornography directly and seriously effects the victims in the images and videos. Citing numerous scientific studies, the Supreme Court long ago found: "[T]he use of children as…subjects of pornographic materials is very harmful to both the children and the society as a whole…It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life…Sexual molestation by adults is often involved in the production of child sexual performances. When such performances are recorded and distributed, the child's privacy interests are also invaded." *New York v. Ferber*, 458 U.S. 747, 758 n. 9 (1982) (internal cites to Senate reports and scholarly journals omitted).

"[P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography." *Ferber*, 458 U.S. at 759 n. 10 (internal cites to scholarly journals omitted). A

review of the victim impact statements in this case show the agony that ensues for the victims and, often the family members, for the remainder of these children's lives.

With over 500 files of child pornography on his devices, Pinnt has harmed numerous children in this case. The videos and images that Pintt received show he was interested in prepubescent children being sexually penetrated and abused by adults and animals. PSR ¶¶ 16-17. Some of the illicit material dated back to March 2015. As identified in *Ferber*, Pinnt has continued the awful cycle of child pornography circulation which exacerbates the harm to the children beyond the original abuse. But when the Court considers the relevant conduct regarding how this case came to law enforcement's attention, Pinnt's conduct is far worse than downloading child pornography. PSR ¶ 9-15. When considering the nature and circumstances of the offense, a guidelines sentence will hold Pinnt accountable for that conduct. 18 U.S.C. § 3553(a)(1). A sentence within the advisory guideline range will also reflect the seriousness of this offense. 18 U.S.C. § 3553(a)(2).

Additional § 3553(a) factors that are particularly significant in this case are: (1) the need for the sentence imposed to protect the public; and (2) the need for the sentence imposed to afford adequate deterrence. 18 U.S.C. §§ 3553 (a)(2)(A), (a)(2)(B). Pinnt sought to engage in sex acts with a person that he believed was a

13-year-old girl. Given his actions of sending the purported child images of his erect penis, texting her images of his dog's penis, mailing a sex toy and then attempting to remote operate that sex toy on the purported child, a guideline range sentencing is sufficient but not greater than necessary to comply with the sentencing factors. Given his sexual proclivities, he is clearly a danger to children in the community.

A sentence within the guideline range would also allow Pinnt to obtain sex offender treatment. 18 U.S.C. § 3553(a)(2). His need for treatment is clearly supported by the facts in the PSR. PSR ¶ 9-17. In terms of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," a sentence at or below the guideline range would likely not be unreasonable. 18 U.S.C. § 3553(a)(6). Finally, the defendant has agreed to pay restitution. 18 U.S.C. § 3553(a)(7).

When the Court considers all of the factors enumerated in 18 U.S.C. § 3553(a), the guidelines and USSG Policy Statements, the United States respectfully submits that a within-guideline range sentence of 78-97 months followed by 10 years of supervised release is appropriate. Given his past conduct and nature of the offense, such a sentence is "sufficient but not greater than necessary" to achieve the statutory goals of sentencing.

DATED this 12th day of May, 2022.

                                LEIF M. JOHNSON
                                United States Attorney


                                */s/ Cyndee L. Peterson*
                                CYNDEE L. PETERSON
                                Assistant U.S. Attorney