Heath M. Lynch
Springstead Bartish Borgula & Lynch, PLLC
60 Monroe Center NW, Suite 500
Grand Rapids, MI 49503
(616)-458-5500
Heath@sbbllaw.com

Caitlin Boland Aarab
BOLAND AARAB PLLP
11 5th Street N., Suite 207
Great Falls, MT 59401
(406)-315-3737
cbaarab@bolandaarab.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
HELENA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 21-12-H-BMM |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE** |
| TYLER D. PINNT, | |
| Defendant. | |

On June 15, 2022, this Court will sentence Tyler Pinnt, who stands convicted, following a guilty plea, to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1). United States Probation calculated Mr. Pinnt's total offense level to be 28 and his criminal history category to be I. (PSR ¶ 80.) United States Probation further determined that his advisory guidelines range is 78 to 97 months' incarceration. (*Id.*) For the reasons set forth below, Mr. Pinnt respectfully requests that

the Court grant him a downward variance from the advisory range, and submits that a sentence of 60 months, the statutory mandatory minimum, is sufficient but not greater than necessary.

## BACKGROUND

In February 2021, Mr. Pinnt began communicating on the social media application Whisper with someone who claimed to be a mother advertising her daughter for "daddy time" with other men. In reality, and unbeknownst to Mr. Pinnt, the "mother" was an undercover law enforcement officer, and the minor girl was not real. After approximately two months of chatting with the "mother" and her minor daughter, Mr. Pinnt sent a sex toy and later discussed meeting up for sex. On July 13, 2021, law enforcement executed a search warrant on Mr. Pinnt's car and home. They seized various electronic equipment, including a laptop, two phones, and a desktop computer, which they subsequently searched. Mr. Pinnt cooperated with law enforcement immediately and confessed to receiving child pornography.

Following law enforcement's investigation, the government filed a one-count Information charging Mr. Pinnt with one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1). (R. 1, Information.) On February 15, 2022, Mr. Pinnt entered a guilty plea to the felony Information.

## ARGUMENT

When sentencing a defendant who has been found guilty of a crime, this Court must comply with the basic aims of sentencing set forth in 18 U.S.C. § 3553(a). *Rita v. United States,* 127 S. Ct. 2456, 2463 (2007). The Court should "impose a sentence sufficient,

but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C. § 3553(a); *United States v. Kimbrough*, 128 S. Ct. 558 (2007). The goals of sentencing are "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D); *Kimbrough*, 128 S. Ct. at 569.

While courts must continue to consider the sentencing guidelines, they are no longer mandatory, and courts are only required to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Those factors include (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory guideline range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a).

I.      **Mr. Pinnt's History and Characteristics Merit a Downward Variance.**

While now happily married, Mr. Pinnt spent much of his pre-marriage life experiencing long periods of intense loneliness, a loneliness exacerbated by the turmoil

he experienced in his childhood home, his extreme shyness, and difficulty connecting with other people during both his childhood and adulthood. His family primarily lived in rural areas, and they frequently moved. As a result, Mr. Pinnt remained quite shy and became somewhat reclusive as he grew older. As a child, Mr. Pinnt exhibited extreme shyness; indeed, until he was four years of age, the only person he spoke to was his father. Although he began talking with other people after he turned four, he always remained shy and, frequently, isolated. For that reason, Mr. Pinnt was often bullied as a child, and those experiences have stuck with him.

Mr. Pinnt experienced teasing from other children, but sadly, he also received hurtful comments from adults. One of his female math teachers permanently removed him from her class because Mr. Pinnt was quiet and tended to withdraw. She went so far as to tell him that he "reminded her of her ex-husband" who was "quiet and abusive," (Second Addendum to PSR, pg. 2), something a child should never have to hear.

As this Court is aware, Mr. Pinnt underwent a psychosexual evaluation on November 13, 2021 with Tom Stewart, a limited licensed psychologist at West Michigan Counseling Services. (Second Addendum to PSR.) Mr. Stewart's primary practice area involves sexual behavior problems and sexual addiction. In his report, Mr. Stewart opined that "Mr. Pinnt does not present with a high risk for future contact offenses." (Second Addendum to PSR, pg. 14.) Despite Mr. Pinnt's sexual proclivities, Mr. Stewart not only concluded that Mr. Pinnt was not a high-risk future offender, but also that he is not a "high risk for a future violent sexual offense," a finding that is "consistent with his overall personality profile of passivity and lack of assertiveness. The manner in which

Mr. Pinnt presents himself during personal interactions is vastly different from how others experience him online." (*Id.*)

Despite Mr. Pinnt's personal struggles, he has exhibited his passive and gentler side throughout the government's investigation into his activities. He cooperated with law enforcement when they executed a search warrant to search his residence and car, and provided them with a statement and confession. In addition, he has no criminal history, a history of full-time employment, and has accepted responsibility for his actions. Indeed, he submitted a statement detailing the evolution of his sexual inclinations, and expressed his how ashamed and disgusted he feels. Remarkably, Mr. Pinnt actually expressed gratitude for these criminal proceedings. While the consequences are severe, he acknowledged that his secluded lifestyle was harmful, not just because of the obvious harm resulting from the possession of child pornography, but also because his lifestyle allowed him to remain withdrawn and minimalize human interaction. He wrote "I]']ve come to realize that I have not been the man nor the husband that [I] should be, the pain [I] have caused my wife from all my secrecy and actions are things a good husband should never cause to a significant other. Between my wife and especially opening up to my younger sister they have helped me to realize how much my actions have hurt everyone involved in this process." (PSR, ¶ 22, pg. 9.)

From his pathological shyness as a child, to being the victim of incessant bullying, witnessing aggressive fighting between his parents, and always feeling like an outcast, Mr. Pinnt has always struggled to understand normal human interaction. Despite his difficultly in connecting with people, Mr. Pinnt is a hard worker and has never been in

trouble with the law before. While there are no excuses for his receipt and possession of child pornography, Mr. Pinnt respectfully asks this Court to consider his history and unique characteristics when fashioning his sentence.

**II.      In Light of Mr. Pinnt's History, a Term of Incarceration Longer than 60 Months is Unnecessary.**

A sentencing court shall consider the "need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). Here, Mr. Pinnt does not dispute the seriousness of the offense of conviction but contends that a sentence of the mandatory minimum of 60 months' incarceration is sufficient to accomplish the goals of sentencing. Mr. Pinnt entered a guilty plea to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), so he must serve at least 60 months' incarceration. *See* 18 U.S.C. § 2252A(b)(1) (explaining that a defendant guilty of 18 U.S.C. § 2252A(a) shall be "imprisoned not less than 5 years.").

The aggravating sentencing factors set forth in U.S.S.G. § 2G2.2 make it nearly impossible for defendants to ever be sentenced to the mandatory minimum sentence for receipt of child pornography. See *United States v. Henderson*, 696 F.3 955, 963 (9th Cir. 2011) (holding that "district courts may vary from the child pornography Guidelines, § 2G2.2, based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case."). Here, Mr. Pinnt

did not distribute or produce child pornography. He has no criminal history, has a good job, and has familial support that will help ensure he takes the necessary steps to address his issues and does not reoffend.

### III.    Mr. Pinnt Is Unlikely to Reoffend.

Mr. Pinnt has admitted guilt and fully accepted responsibility for his actions, and in doing so has expressed his willingness and interest in participating in counseling. (PSR, ¶ 60, pg. 13.) Mr. Stewart believes that Mr. Pinnt is unlikely to reoffend in the future, and providing Mr. Pinnt with the opportunity to address his issues through counseling will serve to further help ensure that he never reoffends. While prison will certainly prevent Mr. Pinnt from engaging in online activities, it will not in and of itself help Mr. Pinnt address the issues he and Mr. Stewart explored during his psychosexual evaluation. Mr. Pinnt's mother, Candice Wise, respectfully asks this Court to "consider how harmful a jail sentence would be in this case and come to the conclusion that a long probation with counseling would be a more effective beneficia[l] [s]entence [] [t]o all involved[.] (Ex. A, Candice Wise Letter.) Likewise, his father, Tim Pinnt, believes that Mr. Pinnt must be held accountable for his actions but that he should get "the help he needs and still [be] allow[ed] to be a contributor to society rather than being locked up in prison." (Ex. B, Tim Pinnt Letter.)

Mr. Pinnt understands that deterrence is a factor this Court will consider when sentencing him, and Mr. Pinnt would like the Court to know that he does not have an "urge to go back to [his] old ways of talking with strangers to fulfill fantasies. [He] has cut out porn completely." (PSR, ¶ 22, pg. 9.)  Mr. Pinnt has learned how children can

become victims in cases like these, and his remorse for perpetuating their suffering is real. Although Mr. Pinnt's historical sexual interests were deplorable, he is actually a passive, gentle, and tender person. He knows that he will have to live with the knowledge that he played a role in harming children, and because he is sincere in his remorse, that alone will deter him from reoffending.

Mr. Pinnt's remorse does not end with the victims of his crimes. He is remorseful for the result his actions have had on his family. For Mr. Pinnt, merely being charged and convicted has served a deterrent effect on Mr. Pinnt, but serving a prison term, even the mandatory minimum, will add an additional deterrent effect on Mr. Pinnt. This is, in part, because he will be incarcerated, but also largely because he is concerned for his wife Shauna's well-being while he is incarcerated. As Shauna indicated, "all the secrets that he has kept from me it did take an emotional toll on me." (Ex. C, Shauna Vanvactor Letter.) Despite the effect his actions have had on his family, Mr. Pinnt knows that he is "lucky to have so much love and support from those closest to [him]. [He] needed to have his eyes opened and this is how that happened. [He] has a lot of apologies to make and a lot of trust and forgiveness to make up for." (PSR, ¶ 22, pg. 9.) Despite this, Mr. Pinnt's family remains supportive of him. His brother-in-law, Christopher Gift, wrote that "we will always be there for him thick and thin. Whatever it takes it takes no matter what I will be right by his side. I wish more people could have a friend and in-law that I truly have always felt as my brother!" (Ex. D, Christopher Gift Letter.)

**CONCLUSION**

In determining his sentence, Mr. Pinnt requests that this honorable Court consider his acceptance of responsibility, character traits, support system, and his sincere resolve to never appear before a Court again. Mr. Pinnt respectfully requests a variance below the applicable guideline range to a 60-month term of incarceration because it would be sufficient but not greater than necessary to comply with the purpose of sentencing enunciated by Congress in 18 U.S.C. § 3553(a).

By:    /s/ *Caitlin Boland Aarab*
Caitlin Boland Aarab
BOLAND AARAB PLLP
Attorney for Defendant

By:    /s/ *Heath M. Lynch*
Heath M. Lynch
SPRINGSTEAD BARTISH BORGULA & LYNCH, PLLC
Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, a copy of the foregoing document was served

on the following persons by the following means:

| | |
|---|---|
| 1, 2, 3 | CM-ECF |
| | Hand Delivery |
| 4 | Mail |
| | Overnight Delivery Service |
| | Fax |
| | E-Mail |

1.      CLERK, UNITED STATES DISTRICT COURT

2.      CYNDEE PETERSON
        WENDY JOHNSON
        Assistant United States Attorney
        United States Attorney's Office
        *Counsel for the United States of America*

3.      PEYTON JONES
        United States Probation Officer
        Missouri River Courthouse

4.      Tyler D. Pinnt
        Defendant

By:     /s/ *Caitlin Boland Aarab*
        Caitlin Boland Aarab
        BOLAND AARAB PLLP
        Attorney for Defendant